

Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

GRAMERCY ARGENTINA OPPORTUNITY FUND, LTD. and PARTNERS GROUP ALTERNATIVE STRATEGIES PCC LIMITED BLUE KAPPA CELL,

            Plaintiffs,

    -against-

THE REPUBLIC OF ARGENTINA,

            Defendant.

------------------------------------------------------------ x

08 CV

**COMPLAINT**

Gramercy Emerging Markets Fund ("GEMF") and Partners Group Alternative Strategies PCC Limited Blue Kappa Cell ("Partners") (collectively, "Plaintiffs"), by their attorneys, Hughes Hubbard & Reed LLP, for their Complaint allege as follows:

### Nature of Action

1. This is an action for breach of contract seeking over 12 million Euros (approximately $18.5 million) in principal, plus interest, owed under certain notes issued by defendant the Republic of Argentina (the "Republic"). The case is simple: (i) Plaintiffs are the beneficial owners of the notes; (ii) the Republic has failed to make any payments of principal or interest on those notes; (iii) this failure constitutes a default under the governing instruments; and

(iv) Plaintiffs sent letters declaring the entire principal, together with all unpaid accrued interest, immediately due and payable by reason of the default. Indeed, this Court has repeatedly entered judgment against the Republic for defaulting on notes held by other beneficial owners in circumstances identical to those here. *See, e.g., Franceschi v. Republic of Argentina*, No. 03 Civ. 4693, 2006 WL 2528460 (S.D.N.Y. Aug. 31, 2006); *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Judgment should be similarly entered against the Republic and in favor of Plaintiffs in this case.

## The Parties

2. Plaintiff GEMF is a limited company organized and existing under the laws of the Cayman Islands with a principal place of business in the Cayman Islands.

3. Plaintiff Partners is a protected cell company limited by shares organized and existing under the laws of Guernsey with a principal place of business in Guernsey.

4. Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

## Jurisdiction

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

6. Venue is proper in this district by consent of the defendant and pursuant to 28 U.S.C. § 1391(f).

## The EMTN Notes

7. GEMF is the beneficial owner of certain notes (the "GEMF Notes"), issued by the Republic pursuant to the Trust Deed dated as of July 27, 1993 (the "Trust Deed"), the Terms and Conditions of the Notes dated as of July 27, 1993 (the "Terms"), and a pricing supplement, as part of the Republic's Euro Medium-Term Note Programme (the "EMTN Programme"), in the following amounts and having the following identification codes, maturity dates, and interest rates:

60197154_1.DOC

| Plaintiff | Description | Principal Amount | ISIN | Common Code | Maturity Date | Coupon |
|---|---|---|---|---|---|---|
| GEMF | 2003 Notes | EUR11,781,000 | XS0084071421 | 008407142 | February 4, 2003 | 8.75% |

8. Partners is the beneficial owner of certain notes (the "Partners Notes," together with the GEMF notes, the "EMTN Notes"), issued by the Republic pursuant to the Trust Deed, the Terms, and a pricing supplement, as part of the Republic's EMTN Programme, in the following amount and having the following identification codes, maturity date, and interest rate:

| Plaintiff | Description | Principal Amount | ISIN | Common Code | Maturity Date | Coupon |
|---|---|---|---|---|---|---|
| Partners | 2003 Notes | EUR700,000 | XS0084071421 | 008407142 | February 4, 2003 | 8.75% |

9. Section 10 of the Terms defines "Events of Default" to include the following, *inter alia*:

> (a) *Non-Payment:* the Republic fails to pay any principal (or Amortised Face Amount) of any of the Notes when due and payable or fails to pay any interest on any of the Notes when due and payable and such failure continues for a period of 30 days.

(Terms at p. 46.)

10. The Republic has failed to pay interest on the EMTN Notes since 2001 and has never made any payments of principal on the EMTN Notes, even though the maturity dates have passed.

11. By reason of the foregoing, there has been an Event of Default on the EMTN Notes, and the Republic is in breach of its obligations to GEMF and Partners. This default is continuing.

60197154_1.DOC

12. By notice dated May 29, 2007, The Bank of New York, the trustee with respect to the EMTN Notes, advised that such notes had been "declared immediately due and payable by the [t]rustee or its predecessors." The Bank of New York also advised, however, that it "does not intend to take any action against the Republic to enforce the terms of the Trust Deed, the [EMTN] Notes and the Coupons" even though "[t]he Republic has shown no intention of honouring the demands for payment made by the [t]rustee and its predecessors. . . ."

13. By letters to The Bank of New York, as the trustee with respect to the EMTN Notes, dated February 4, 2008, GEMF and Partners declared the principal of the EMTN Notes to be due and payable immediately, and any applicable interest to be immediately payable as well, and demanded that The Bank of New York commence proceedings against the Republic.

14. Upon information and belief, the Bank of New York has not commenced proceedings against the Republic.

15. Pursuant to sections 17.2-17.4 of the Trust Deed, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

16. By reason of the foregoing, the Republic has breached its contractual obligations to Partners and GEMF and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT ONE
### Default On The GEMF Notes

17. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-16 as if set forth here at length.

60197154_1.DOC

18. As set forth above, GEMF acquired notes with the principal amount of EUR11,781,000, identified by ISIN XS0084071421 and Common Code 008407142, and continues to own those notes.

19. As set forth above, the Republic has failed to make payments of interest on the GEMF Notes since 2001 and has never made payments of principal on the GEMF Notes.

20. As set forth above, there has been an Event of Default on the GEMF Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

21. As set forth above, by letter February 4, 2008, GEMF notified the Trustee that it was declaring the principal and interest on the GEMF Notes to be due and payable immediately.

22. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT ONE
### Default On The Partners Notes

23. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-16 as if set forth here at length.

24. As set forth above, Partners acquired notes with the principal amount of EUR700,000, identified by ISIN XS0084071421 and Common Code 008407142, and continues to own those notes.

25. As set forth above, the Republic has failed to make payments of interest on the Partners Notes since 2001 and has never made payments of principal on the Partners Notes.

26. As set forth above, there has been an Event of Default on the Partners Notes, and the Republic is in breach of its obligations under the Trust Deed and the Terms.

27. As set forth above, by letter February 4, 2008, Partners notified the Trustee that it was declaring the principal and interest on the Partners Notes to be due and payable immediately.

60197154_1.DOC

28. By reason of the foregoing, the Republic has breached its contractual obligations and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, Plaintiffs demand judgment as follows:

i. On Count One, awarding GEMF damages against the Republic in an amount to be determined, plus interest;

ii. On Count Two, awarding Partners damages against the Republic in an amount to be determined, plus interest;

iii. Awarding Plaintiffs costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
February 4, 2008

HUGHES HUBBARD & REED LLP

By: *Russell W. Jacobs*
Nicolas Swerdloff (swerdlof@hugheshubbard.com)
John Fellas (fellas@hugheshubbard.com)
Russell W. Jacobs (jacobsr@hugheshubbard.com)
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Plaintiffs*

60197154_1.DOC